IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U.S. Magistrate Judge Gordon P. Gallagher

Criminal Case No.: 17-cr-336-MSK-GPG

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID MORA-ALVAREZ,

Defendant.

---

ORDER GRANTING IN-PART AND DENYING IN-PART MOTION FOR ISSUANCE OF SUBPOENAS

---

Defendant moves for the issuance of subpoenas (ECF #36)[1] and the Government objects-essentially moving to quash (ECF #38). Based on the unanimous consent of the parties (ECF #15) and the referral from Chief Judge Krieger (ECF #16) I have jurisdiction to determine this non-dispositive matter.[2]

Defendant moves for the issuance of two subpoenas, one for Trooper Shane Gosnell and the other for Deputy Mike Miller, for a motion hearing set before the Court on July 13, 2018. As an initial matter, the Court finds it appropriate to issue the Gosnell subpoena for the presence of that witness and will do so contemporaneously with this Order, but striking the *duces tecum* language on the proposed subpoena.

---

[1] "(ECF #36)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] Any party may object to this non-dispositive Order within fourteen (14) days. Fed.R.Crim.P. 59(a).

As indicated above, it is the *duces tecum* language that is at issue. Defendant requests the following from Trooper Gosnell:

> All information sent to and received from both Trooper Gosnell and Deputy Miller's MDC, (Mobile Data Computer) including but not limited to: all logs to including all dispatch logs, all dispatch information including all driver's license information, all vehicle information, and any and all information contained within. All terminal to terminal (car to car) messages sent from and received by both their MDCs (Mobile Data Computer) on July 5, 2017.

ECF #36-1. And the following from Deputy Miller:

> All information sent to and received from both Trooper Gosnell and Deputy Miller's MDC, (Mobile Data Computer) including but not limited to: all logs to including all dispatch logs, all dispatch information including all driver's license information, all vehicle information, and any and all information contained within. All terminal to terminal (car to car) messages sent from and received by both their MDCs (Mobile Data Computer) on July 5, 2017.

> IN LIEU OF TESTIFYING, Trooper Miller and/or any custodian of records may email or fax the above listed records to the address and number listed below accompanied by a Business Records Affidavit in accordance with CRE 803.

ECF #36-2.

Fed. R. Crim P. Rule 17 permits the issuance of subpoenas to witnesses to produce documents and other data before trial. The relevant standard Defendant must meet to require production is outlined in *United States v. Nixon,* 418 U.S. 683 (1974). In determining whether a criminal defendant has a right to materials through a subpoena on third party, the court must consider the following factors: (1) whether the materials are evidentiary and relevant; (2) whether the materials are not otherwise procurable reasonably in advance of trial by the exercise of due diligence; (3) whether the requesting party cannot properly prepare for trial without such production and the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) whether the requesting

party's application is made in good faith and is not intended as a general fishing expedition. *Nixon* at 699–700. The burden of establishing these elements is on the party seeking enforcement of the subpoena under Rule 17. *United States v. Morris,* 287 F.3d 985, 991 (10th Cir.2002).

As indicated above, this action is currently set for a motion hearing on July 13, 2018. Defendant's motion to suppress (ECF #24), challenges the reasonable suspicion and probable cause for law enforcement to stop Defendant. In support of the motion for subpoenas, Defendant merely notes that the evidence sought "is relative to the Constitutional issues raised by Defendant's previously filed Motion to Suppress Evidence." *Id.* at p. 2. While the Court can see that the first *Nixon* factor, relevance is perhaps obvious on its face, no effort has been made-or at least not expressed to the Court-to show why these materials are not otherwise available. As factor two, availability, has not been addressed, the Court need not move on to the other *Nixon* factors.

As to the Miller subpoena, based on the qualifying language allowing satisfaction upon production of records, it does not appear to the Court that Deputy Miller is required for testimony. For that reason, and in keeping with the above application of the *Nixon* factors, the Miller subpoena will be denied.

For the foregoing reasons, Defendant's motion for issuance of subpoena ECF #34, is DENIED as MOOT as it is superseded by ECF #36.

Defendant's motion for issuance of a subpoena to Trooper Gosnell is GRANTED as to his physical presence for testimony only. The Clerk of Court SHALL issue the attached subpoena. Defendant's motion for the *duces tecum* portion of the Trooper Gosnell subpoena is DENIED.

Defendant's motion for a subpoena for Deputy Miller is DENIED.

This matter is set for a motion hearing on July 13, 2018. Should this Order effect the efficacy of that hearing in that further litigation or discovery production needs to be addressed prior to the hearing, any party SHALL move to continue the hearing no later than **June 28, 2018**. Otherwise, the hearing will go forward as currently set.

June 27, 2018.

_____
Gordon P. Gallagher
United States Magistrate Judge